UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

THOMAS BURKE,

                                              Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
and JOHN DOES #1-3,

                                             Defendants.

ANSWER TO COMPLAINT

07 CV 6510 (VM)

JURY TRIAL DEMANDED

------------------------------------------------------------------ x

       Defendants, City of New York and Department of Correction Commissioner Martin F. Horn, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated July 10, 2007 ("Complaint"), respectfully state, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff has commenced an action as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to base venue in this jurisdiction as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that on or about January 17, 2007 plaintiff filed a document purporting to be a notice of claim, that more than thirty days have elapsed since the purported notice of claim was filed, and that plaintiff's claim has not been adjusted or paid.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City, its employees and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Martin F. Horn is and was in November 2006 the Commissioner of the Department of Correction, admit that plaintiff purports to proceed as stated therein, and state that the allegations regarding Commissioner Horn's status as "policy maker with respect to training, supervision, and discipline of correction officers" are legal conclusions which do not require a response.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except

admit that on or about November 5, 2006 plaintiff was confined to a facility on Rikers Island, New York.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that plaintiff was taken to an infirmary.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. In response to the allegations set forth in paragraph "16" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "15" of this answer as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. In response to the allegations set forth in paragraph "19" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "18" of this answer as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. In response to the allegations set forth in paragraph "24" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "23" of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28" of the

Complaint, defendants repeat the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "30" of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "33" of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff provoked or was at fault for the incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42. Punitive damages cannot be assessed as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of its discretion.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

44. Defendant Commissioner Horn has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

45. Defendant Commissioner Horn had no personal involvement in the alleged incident.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

46. Venue of this action should be transferred to the Eastern District Of New York pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice.

WHEREFORE, defendants City of New York and Department of Correction Commissioner Martin F. Horn demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         October 5, 2007

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
CITY OF NEW YORK and DEPARTMENT
OF CORRECTION COMMISSIONER
MARTIN F. HORN
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-9391
bmyrvold@law.nyc.gov

By: _____
    Barry Myrvold

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2007, the foregoing document was filed and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

<u>By ECF:</u>
Scott Cerbin
Scott G. Cerbin, LLC
*Attorneys for Plaintiff*
26 Court Street, Suite 810
Brooklyn, New York 11242

DATED:    New York, New York
          October 5, 2007

_____
Barry Myrvold

Index No. 07 CV 6510 (VM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS BURKE,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

                                    Defendants.

## ANSWER TO COMPLAINT

### *MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Barry K. Myrvold*

*Tel: (212) 788-9391*

*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. .............................., 2007......*

*........................................................... Esq.*

*Attorney for.....................................................*