UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THOMAS BURKE

                         Plaintiffs,

     -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
WARDEN BRIAN P. RIORDAN, JEFFREY SPRIGGS,
M. DANIELS (Shield #522), A. WATSON (Shield No. #
12969), G. GATTO (Shield #12306), D. WILSON (Shield
#16025), L. BRADFORD (Shield # 14610), G. MANNINO
(Shield # 15079), B. BUSH (Shield #12945), and JOHN
DOES #1 and 2.

                      Defendants.
------------------------------------------------------------------x

**AMENDED COMPLAINT**

JURY TRIAL DEMANDED
Case No. 07 CV 6510 (VM)

Plaintiff THOMAS BURKE, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, LLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1.  This is a civil rights action in which the plaintiff, THOMAS BURKE, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 42, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York on or about December 2006 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff Thomas Burke (Mr. Burke) is 22 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of the Kings.

8. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a correction department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a correction force and the employment of correction officers as said risk attaches to the inmate consumers of the services provided by the New York City Correction Department.

10. Defendant DEPARTMENT OF CORRECTION COMMISIONER MARTIN F. HORN ("The Commissioner") was at all times here relevant the Commissioner of the New York City Department of Correction, and, as such, was a policy maker with respect to training, supervision, and discipline of correction officers. The Commissioner is sued in his individual and official capacities.

11. Defendants RIORDAN, SPRIGGS, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Department of Correction, a municipal agency of THE CITY OF NEW YORK. Defendants RIORDAN, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were

acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

12. Defendants RIORDAN, SPRIGGS, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES are sued individually.

## STATEMENT OF FACTS

13. On or about the evening of November 5, 2006 at OBCC in Rikers Island, Mr. Burke was sleeping in his cell when he heard his door slam suddenly. Defendants DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, and BUSH unexpectedly and without reason or necessity ambushed Mr. Burke in his cell.

14. Said Defendants then proceeded to beat Mr. Burke with fists and weapons without any provocation for the attack. When defendants were through plaintiff was left without any treatment on the floor of his cell for almost 30 minutes before Captain Dunbar came to take him to the infirmary.

15. The tests administered by the treating doctor revealed that the beating was so severe that it was the direct and proximate cause of *inter alia* plaintiff's broken eye socket.

16. Plaintiff subsequently cooperated with a Department of Correction investigation into the incident. On January 25, 2007 and February 12, 2007, in retaliation for plaintiff's cooperation and in an effort to silence and discredit plaintiff, defendants RIORDAN, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES, acting in concert, did arrest and prosecute plaintiff for alleged

4

assaultive behavior to defendants DOES. Each of the criminal cases arising from these retaliatory arrests was dismissed by the criminal court.

17.  The conclusions reached by Investigator Jeffrey Spriggs in his Investigation Report of April 4, 2007 relating to this incident evince nothing short of a cover up. Spriggs conclusion that the allegations by plaintiff against the jail staff cannot be substantiated because the assault "was not captured on videotape" is laughable. Additionally, Spriggs contention that the medical evidence does not support Burke's account is, quite frankly, ridiculous. It is defendant's position that Use of Force allegations by inmates are routinely discredited by biased partial investigators and that the Department of Correction influences the outcome of these sham investigations.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## US CONSTITUTION AND 42 U.S.C. § 1983
## BY DOES

18.  Plaintiff THOMAS BURKE repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19.  By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of THOMAS BURKE and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants THE COMMISIONER, RIORDAN, SPRIGGS, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the

plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

20. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY THE COMMISSIONER

21. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22. At all times material to this complaint, defendant THE COMMISSIONER had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of unconstitutional conduct by correction officers and other staff members of the New York City Department of Corrections.

23. Defendant THE COMMISSIONER failed to properly train, supervise or discipline members of the department of corrections concerning correct practices in ensuring the immediate release of persons being held for grand jury action and upon a no true bill.

24. Defendant THE COMMISSIONER being aware that such lack of training, supervision, and discipline leads to improper conduct by correction officers and other staff members of the New York City Department of Corrections acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE COMMISSIONER is aware of the persistent and substantial risk of illegal detention of persons discharged by the criminal or supreme courts and

effective training and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens which are officially tolerated by THE COMMISSIONER. The New York City Department of Corrections acted with indifference to or a reckless disregard for the natural and probable consequences of their acts, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
### THE CITY OF NEW YORK

26. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its correction department, and through defendants THE COMMISIONER, RIORDAN, SPRIGGS, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

28. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its correction department, and through defendants THE

COMMISIONER, RIORDAN, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES and THE COMMISSIONER had <u>de facto</u> policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

29. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
### NEGLIGENCE

30. Plaintiff THOMAS BURKE repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

31. Defendants THE COMMISIONER, RIORDAN, SPRIGGS, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES negligently caused injuries, emotional distress and damage to the plaintiff THOMAS BURKE. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

32. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR AN FIFTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

33. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

34. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants THE COMMISIONER, RIORDAN, SPRIGGS, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

36. Plaintiff THOMAS BURKE repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

37. Defendants THE COMMISIONER, RIORDAN, SPRIGGS, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES negligently caused emotional distress and damage to the plaintiff THOMAS BURKE. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

38. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SEVENTH & EIGHTH CAUSE OF ACTION
### FALSE ARREST-TWO COUNTS

39. Plaintiff THOMAS BURKE repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

40. On January 25, 2007 and February 12, 2007, Defendants THE COMMISIONER, RIORDAN, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES falsely arrested or caused to be falsely arrested the plaintiff THOMAS BURKE. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41. As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A NINTH & TENTH CAUSE OF ACTION
### MALICIOUS PROSECUTION-TWO COUNTS

42. Plaintiff THOMAS BURKE repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43. On January 25, 2007and February 12, 2007, Defendants THE COMMISIONER, RIORDAN, DANIELS, WATSON, GATTO, WILSON, BRADFORD, MANNINO, BUSH, and DOES maliciously prosecuted or caused to be maliciously prosecuted the plaintiff THOMAS BURKE. The acts and conduct of the

defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

44.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorneys fees;

e. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
April 21, 2008

Respectfully submitted,

SCOTT G. CERBIN, LLC
Counsel for the Plaintiff

By: Scott G. Cerbin (SC5508)
26 Court Street, Suite 810
Brooklyn, New York 11242
(718) 596-1829