UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THOMAS BURKE,

                                                Plaintiff,

            -against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, WARDEN BRIAN P. RIORDAN, JEFFREY SPRIGGS, M. DANIELS (Shield #522), A. WATSON (Shield #12969), G. GATTO (Shield #12306), D. WILSON (Shield #14610), L. BRADFORD (Shield #14610); G. MANNINO (Shield #15079), B. BUSH (Shield # 12945), and JOHN DOES #1 and 2,

                                                Defendants.

ANSWER TO AMENDED COMPLAINT

07 CV 6510 (VM)(KNF)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants Brian P. Riordan, Jeffrey Spriggs, Captain Mark Daniels, Correction Officers Anthony Watson, Gregory Gatto, David Wilson, Lawrence Bradford, Giovanni Mannino and Buddy Bush by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Amended Complaint, dated April 21, 2008 ("Complaint"), respectfully state, upon information and belief, as follows:[1]

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff has commenced an action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

---

[1] An answer to the amended complaint was previously interposed on behalf of the City and Correction Commissioner Horn.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to base venue in this jurisdiction as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that on or about January 17, 2007 plaintiff filed a document purporting to be a notice of claim, that more than thirty days have elapsed since the purported notice of claim was filed, and that plaintiff's claim has not been adjusted or paid.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City, its employees and the New York City Correction Department.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Martin F. Horn is and was in November 2006 the Commissioner of the Department of Correction, admit that plaintiff purports to proceed as stated therein, and state that the allegations regarding Commissioner Horn's status as "policy maker with respect to training, supervision, and discipline of correction officers" are legal conclusions which do not require a response.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that on November 5, 2006, Brian P. Riordan, Jeffrey Spriggs, M. Daniels, A. Watson, G. Gatto, D. Wilson, L. Bradford, G. Mannino and B. Bush, were employed by the City, and state that the allegations regarding "acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant [City], were acting for, and on behalf of, and with the power and authority vested in them by [the City] … and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties" are legal conclusions which do not require a response.

12. Admit the allegations set forth in paragraph "12" of the Complaint that plaintiff purports to proceed as stated therein.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that on or about November 5, 2006 plaintiff was confined to a facility on Rikers Island, New York.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that plaintiff was taken to an infirmary.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the disposition of the charges.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. In response to the allegations set forth in paragraph "18" of the Complaint, defendants repeat the preceding responses of this answer as if fully set forth herein.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. In response to the allegations set forth in paragraph "21" of the Complaint, defendants repeat the preceding responses of this answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. In response to the allegations set forth in paragraph "30" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. Plaintiff provoked or was at fault for the incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50. Punitive damages cannot be assessed as against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51. At all times relevant to the acts alleged in the Complaint, defendants Riordan, Spriggs, Daniels, Watson, Gatto, Wilson, Bradford, Mannino and Bush acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52. Defendants Riordan, Spriggs, Daniels, Watson, Gatto, Wilson, Bradford, Mannino and Bush have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53. Venue of this action should be transferred to the Eastern District Of New York pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

54. There was probable cause for plaintiff's arrests and prosecutions.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff's state law false arrest and malicious prosecution claims are barred in whole or in part by the applicable limitations periods.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

56. To the extent that the complaint alleges any state law claims, such claims are barred by reason of plaintiff's failure to comply in whole or in part with all the requirements of the New York General Municipal Law §§ 50-e, 50-h and 50-i.

WHEREFORE, defendants Warden Brian P. Riordan, Jeffrey Spriggs, Captain Mark Daniels, and Correction Officer Anthony Watson, Gregory Gatto, David Wilson, Lawrence Bradford, Giovanni Mannino and Buddy Bush demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:    New York, New York
          August 29, 2008

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
JEFFREY SPRIGGS, CAPTAIN MARK DANIELS, CORRECTION OFFICERS ANTHONY WATSON, GREGORY GATTO, DAVID WILSON, LAWRENCE BRADFORD, GIOVANNI MANNINO and BUDDY BUSH
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-9391
bmyrvold@law.nyc.gov

By:  /S/     Barry Myrvold

<u>By ECF:</u>
Scott Cerbin
Scott G. Cerbin, LLC
*Attorneys for Plaintiff*
26 Court Street, Suite 810
Brooklyn, New York 11242